**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William J. CUDD, Hugh L. Hutton, Defendants-Appellants.**

**Nos. 73-1428, 73-1429.**

United States Court of Appeals, Tenth Circuit.

Argued March 18, 1974.

Decided June 26, 1974.

Rehearing Denied Aug. 29, 1974.

Carl E. Stewart, Eilers, Stewart, Pangman & Millar, Newport Beach, Cal., for defendant-appellant Cudd.

William Tinker, Jr., Wichita, Kan., for defendant-appellant Hutton.

Stephen K. Lester, Asst. U. S. Atty. (Robert J. Roth, U. S. Atty., Wichita, Kan., with him on the brief), for plaintiff-appellee.

Before LEWIS, Chief Judge, DURFEE *, Senior Judge, and BARRETT, Circuit Judge.

LEWIS, Chief Judge.

The defendants were charged in a thirteen-count joint indictment with a series of mail-fraud transactions violative of 18 U.S.C. § 1343 and resulting in unlawful transportation of property in violation of 18 U.S.C. § 2314. Three of the thirteen counts were dismissed by the trial court and after a joint trial a jury returned verdicts of guilty on each of the remaining counts. The indictment did not contain a count for conspiracy but did allege a scheme in the following words, set out in Count I and incorporated by reference in the remaining counts:

### Count I

1. That prior to November 3, 1967 and continuing to on or about November 22, 1967, in the District of Kansas,

### HUGH L. HUTTON, WILLIAM J. CUDD

devised and intended to devise a scheme and artifice to defraud the Producers Packing Company, a Kansas corporation, and for obtaining money and property of the Producers Packing Company by means of the following false and fraudulent pretenses, representations and promises, well knowing at the time that the pretenses, representations and promises were false when made, that is, Hugh L. Hutton and William J. Cudd, individually and as representatives of Cal-Vegas Provision Company, Incorporated Las Vegas, Nevada, in order to induce the sale of large quantities of meat on credit, by Producers Packing Company, a Kansas corporation, to William J. Cudd and Cal-Vegas Provision Company, Incorporated, represented that said William J. Cudd and Cal-Vegas Provision Company, Incorporated, were financially sound and financially able to pay the purchase price of said meat; and to further induce the sale

* United States Court of Claims, sitting by designation.

of such meat on credit Hugh L. Hutton, individually and as President of the First National Bank, Braman, Oklahoma, represented that he and the bank would assist William J. Cudd and Cal-Vegas Provision Company, Incorporated, financially and would guarantee payment of purchases of such meat, whereas, in truth and in fact, the defendants well knew that these promises, pretenses and representations were false when made. Based upon such false promises, representations and guarantees, Producers Packing Company did sell and deliver such large quantities of meat to William J. Cudd and Cal-Vegas Provision Company, Incorporated, on credit, and the sale price of such meat has not been paid in full.

The trial court, over the objection of both the government and the defendants, submitted only joint verdicts to the jury and specifically instructed that the jury must find both defendants guilty, or not guilty, as determined by its consideration of the evidence. This instruction is noted in full [1] and the question of whether the instruction is inherent error is the dispositive appellate issue.

We hold that the submission of joint verdicts and that part of the instruction requiring the jury to find both defendants guilty or both innocent to be error requiring a remand for a new trial as to each defendant. Such procedure limits appellate review to a package status and error, if there be any, cannot be isolated as to individual defendants. *See* C. Wright, Federal Practice and Procedure Rule 31, § 513 at 368 (2d ed. 1969). So, too, we believe the procedure to be fraught with the potential for injustice and most assuredly would complicate the continuing problem of prejudice always lurking where, as here, a motion to sever has been denied.[2] Guilt by association grows in likelihood.

The government concedes that the crime here charged in the joint indict-

---

1.          Instruction No. 24

In your consideration of the case, it will be first necessary for the jury to determine whether a scheme, plan or devise to defraud, of the kind and scope alleged in the indictment, was formed and existed between the two defendants. If the jury finds there was no scheme, plan or devise to defraud, it would be your duty to acquit each defendant on all counts of the indictment.

If the jury finds the existence of a scheme, plan or devise to defraud between the defendants, then they should consider as to Counts I through IV, whether there was use of interstate communications, i. e., by telephone or telegraph, by a named defendant, to carry out any part of the scheme, plan or devise. Such an act of communication by one defendant would be chargeable against the other. If such alleged act of interstate communication in the furtherance of the scheme is found as to a particular count, then the jury should return a verdict of guilty as to both defendants on any of such Counts I through IV.

Next, the jury should consider the issue of guilt or innocence of the defendants as to the remaining six counts, VI, IX, X, XI, XII and XIII, charging acts of interstate transportation of property valued in excess of $5,000.00, induced by false or fraudulent representations. Having determined the existence of a scheme, it would be the duty of the jury to determine whether the acts of either or both defendants caused the property to be transported in interstate commerce as specifically alleged in each of those counts of the indictment. If, as alleged, the property was caused to have been transported in furtherance of the scheme to defraud, then each defendant would be guilty on that particular count.

Please bear in mind that while each defendant is entitled to separate consideration of the evidence as it applies to showing his guilt or innocence, the indictment alleges their joint participation in the scheme, plan or devise to defraud, and *you cannot find one defendant guilty and one not guilty.* (Emphasis added.) Applying the standard of proof that the Government must show guilt beyond a reasonable doubt, you should find both defendants "guilty," or "not guilty," as you shall determine from the evidence.

2.   We reject defendants' contention that severance was required in this case.

ment is one where one defendant can be proven guilty and a failure of proof may occur as to the other defendant. The situation is not comparable to a charge of conspiracy limited to two persons, where, as a matter of law and definition, the innocence of one precludes the guilt of the other. A joint indictment such as we here consider is but a procedural convenience and is to be considered as a separate charge against each defendant. Bartlett v. United States, 10 Cir., 166 F.2d 920, 927. The government contends, however, that the subject instruction and procedure can only amount to error favoring the defendants, citing *Bartlett*, supra, and Ebeling v. United States, 8 Cir., 248 F. 2d 429.

■ We consider neither case to be persuasive that the error in the subject case should be classified as harmless. In neither of the cited cases is the exact instruction set out but apparently in *Bartlett* this court considered that partial reversal was sufficient to prevent injustice. In *Ebeling* the court restates the instruction to eliminate any possibility of prejudicial error and we must reject this rationalization as here applicable. Arguably an instruction that states that both defendants must be guilty or both innocent may be applied to unduly benefit either the defendants or the prosecution and its actual application by the jurors is purely speculative. But no matter how applied it is error. The jury must consider each case individually and return individual verdicts. Even the possibility of inconsistent verdicts does not change either the necessity or desirability of this procedure. Consistency in a verdict is not an invariable exaction of the law, Apodaca v. United States, 10 Cir., 188 F.2d 932, 940, and the power rests with the jury to arrive at its verdict "in the teeth of both law and facts." Horning v. District of Columbia, 254 U.S. 135, 138, 41 S.Ct. 53, 54, 65 L.Ed. 185.

The judgments are reversed and the cases remanded for a new trial.