UNITED STATES of America,
Plaintiff-Appellee,

v.

Ray Junior DENNETT,
Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Gerry Gene DENNETT,
Defendant-Appellant.

Nos. 76–1160, 76–1161.

United States Court of Appeals,
Tenth Circuit.

Submitted Jan. 27, 1977.

Decided March 18, 1977.

Robert J. Unruh, Jr., of Unruh & Walsingham, Oklahoma City, Okl., for defendants-appellants.

Susie Pritchett, Asst. U. S. Atty. (David L. Russell, U. S. Atty., with her on the brief), for plaintiff-appellee.

Before LEWIS, Chief Judge, and BREITENSTEIN and DOYLE, Circuit Judges.

PER CURIAM.

Defendants were charged in a joint indictment containing multiple counts of violation of 18 U.S.C. § 2313, the sale or re-

ceipt of stolen vehicles, tractors. Ray Junior Dennett was so charged in ten counts, each setting forth a separate offense; Gerry Gene Dennett was jointly charged in six counts, two of which were dismissed as to him before trial. After trial to a jury, defendants were both found to be guilty on Count 1 and were acquitted on all of the remaining counts. Both defendants appeal from the judgment of conviction on Count 1, claiming under the total circumstances of the case that the evidence was insufficient to support the judgment of conviction.

During the course of the trial defendants stipulated that they had bought and sold numerous tractors, each vehicle having been stolen by others and moved in interstate commerce. The remaining element of the charged crime, that the vehicles were known by defendants to have been stolen, was emphatically denied and became the critical issue for the jury to decide.

The government's proof of defendants' guilty knowledge came in great part from the testimony of the thieves themselves, principally from the witness Church. Church's testimony was given after his own conviction for stealing the tractors, and, if deemed credible, establishes defendants' guilt indisputably. We must, therefore, reject the contention that the conviction under Count 1 is not supported by substantial evidence for the determination of credibility is the prime function of the jury. Furthermore some independent circumstantial evidence gives some permissible support to the jury determination. Although insufficient, standing alone, to warrant conviction such factors as delivery of the tractor to the defendants at odd nighttime hours, quick sale of the tractors at very profitable prices, and other such factors are all relevant for the jury's consideration and were submitted under proper instructions concerning the probative limitations of such evidence.

Finally defendants point out, and understandably so, that their conviction under Count 1 was based upon the credence apparently given the principal witness Church, but such credence was rejected by the jury as it pertained to every other count and thus, at least to the purely legalistic mind, the verdicts are inconsistent. We could, of course, speculate on this contention but refuse to do so for it is not a proper appellate function to attempt to analyze the collective mind of a jury. Suffice it to say that consistency of jury verdicts is not an invariable exaction of the law. *See United States v. Cudd,* 10 Cir., 499 F.2d 1239, 1242, and cases cited.

Affirmed.