**Jo Anne ATWELL**

v.

**EQUIFAX, INC., Formerly Retail Credit Company.**

Civ. A. No. N–79–2181.

United States District Court, D. Maryland.

May 6, 1980.

John T. Enoch and Daniel E. Liebfeld, Baltimore, Md., for plaintiff.

George C. Doub, Jr. and Benjamin Rosenberg, Baltimore, Md., for defendant.

NORTHROP, Chief Judge.

This matter is presently before the Court on the petition of plaintiff, Jo Anne Atwell, to vacate the judgment rendered in favor of Retail Credit Company (now Equifax, Inc.) in Civil Action No. 18807–N. Counsel for the parties have briefed the issues, and this Court heard oral argument on April 29, 1980.

The case plaintiff now seeks to reopen is *Jo Anne Atwell v. Retail Credit Company, et al.*, Civil Action No. 18807–N, which was filed on September 8, 1967 in the Superior Court of Baltimore City and subsequently removed by the defendant to this Court. Plaintiff's action was for libel and premised on the theory that Retail Credit Company, a credit reporting agency, had delivered a credit report to an insurance company on June 27, 1966, which contained allegedly defamatory statements concerning plaintiff's sexual orientation.

That case was tried before a jury, which rendered a verdict in plaintiff's favor and against the defendant in the sum of $100,000 general damages and $500,000 punitive damages. The punitive award was subsequently reduced by remittitur to $150,000. Defendant Retail Credit Company appealed, and on September 30, 1970, the United States Court of Appeals for the Fourth Circuit reversed the judgment for the plaintiff and remanded the case for entry of judgment for the defendant. *Atwell v. Retail Credit Co.*, 431 F.2d 1008 (4th Cir. 1970), *cert. denied*, 401 U.S. 1009, 91 S.Ct. 1251, 28 L.Ed.2d 544 (1971). Judgment for defendant was entered by this Court on January 19, 1971.

The Fourth Circuit held that under Maryland law, an action for libel must be brought within one year after the cause of action arose unless the defendant fraudulently concealed its wrongdoing from the plaintiff. *See Md.Ann.Code* art. 57, §§ 1 & 14, *now codified at* Md.Cts. & Jud.Proc.Code Ann. §§ 5–105 & 5–203. The appellate court noted that "[i]t is settled in Maryland that a cause of action accrues at the time the wrong was committed, not at the time of its discovery." 431 F.2d at 1010. The court found plaintiff's cause of action to have accrued at the time the alleged libel was published. As over a year had passed since the publication of the alleged libelous statements, and finding no fraudulent concealment by the defendant, plaintiff's claim was held to be time-barred.

On November 21, 1979, plaintiff initiated this case with her petition to vacate judgment, relying primarily on the decision of the Court of Appeals of Maryland in *Harig v. Johns-Manville Products*, 284 Md. 70, 394 A.2d 299 (1978). The *Harig* court extended the discovery rule to a cause of action for a latent disease. The court held that the cause of action accrued when the injured party discovered or should reasonably have discovered the nature and cause of her disability or impairment. The court reasoned that "[i]n cases where the initial injury is inherently unknowable . . . the statute of limitations should not begin to run until the plaintiff should reasonably learn of the cause of action." 284 Md. at 80, 394 A.2d at 305. On April 8, 1980, the Court of Appeals of Maryland further extended the discovery rule to libel actions in *Sears, Roebuck and Co. v. Ulman*, 287 Md. 397, 412 A.2d 1240 (1980), utilizing the reasoning of the *Harig* decision.

When plaintiff was before the Fourth Circuit, she urged that court to apply the discovery rule to her cause of action for libel, stressing that her injury was "inherently unknowable" until she was apprised of the contents of the June 27, 1966 report sent to Employers Mutual Casualty Company. Ms. Atwell asserted that she took all reasonable and diligent steps to ascertain the existence of this report. The Fourth Circuit rejected plaintiff's attempt to extend the discovery rule to a libel action. In light of the *Sears* and *Harig* decisions, plaintiff now seeks to have this Court reconsider the statute of limitations question. Specifically, plaintiff requests this Court to vacate the judgment entered in favor of the defendant, and either 1) order a new trial, or 2) reinstate the original verdict of $600,000 for the plaintiff rendered by the jury in the original suit between the parties.

■ Arguing that the decision of the Fourth Circuit was a mistake of law, plaintiff filed her petition in this Court[1] under

---

1. The Supreme Court recently held that a party need not first seek appellate leave to file a Rule 60(b) motion in a district court when an appel-

late court ruled on the original suit. *Standard Oil Co. of California v. United States*, 429 U.S.

Fed.R.Civ.P. 60(b).[2] This Court believes, however, that plaintiff's petition presents a change in law theory because at the time the Fourth Circuit decided *Atwell*, no reported Maryland case had applied the discovery rule to actions other than professional malpractice and deceit suits. While the *Harig* and *Sears* cases do not expressly overrule any prior Maryland cases, they do extend the discovery rule to areas not previously considered. As such, these cases represent an evolution in Maryland law. It is therefore proper to analyze plaintiff's petition as relying on a change in law.

A petition to vacate a judgment based on a change in law is normally considered under either (b)(5) or (b)(6) of Rule 60. *See generally* Comment, *Federal Rule of Civil Procedure 60(b): Standards for Relief from Judgments Due to Changes in Law*, 43 U.Chi.L.Rev. 646 (1976); 62 Va.L. Rev. 414, 418–26 (1976). The weight of authority in the Fourth Circuit and in other circuits is that a change in a rule of law is insufficient to warrant reopening a final judgment. *Nunnery v. Barber*, 23 Fed.R. Serv.2d 232 (4th Cir. 1977); 7 Moore's Federal Practice ¶ 60.23[3] at 325 (1979); Comment, Pierce v. Cook & Co.: *Change in State Law as a Ground for Relief from a Federal Judgment*, 124 U.Pa.L.Rev. 843, 843 (1976). The rationale for this rule is the reluctance of the courts to disturb a final judgment.

The finality of judgments is essential to ensure consistency and certainty in the law. Having procured a final judgment, a party should not be forever faced with the spectre of having to relitigate the same case years later because of a change in law. Aside from basic unfairness, over the years evidence is lost, memories fade, and witnesses disappear. Moreover, the law is in a constant state of flux. Were every losing party entitled to reopen a case because of a change in law, there would be no end to litigation. Although a judgment is, in part, a product of its time, courts cannot be placed in the position of readjudicating the same case *ad infinitum*.

While this Court recognizes that in extraordinary situations a change in law may warrant reopening a case, no such unusual circumstances are presented in this case. *Cf. Pierce v. Cook & Co.*, 518 F.2d 720 (10th Cir. 1975), *cert. denied*, 423 U.S. 1079, 96 S.Ct. 866, 47 L.Ed.2d 89 (1976) (change of law came in related case[3]); *Griffin v. State Board of Education*, 296 F.Supp. 1178 (E.D. Va.1969) (three-judge panel) (change in law required reopening previous decree where a continuing controversy was involved). Plaintiff's petition to vacate the judgment in this case must, therefore, be denied.

A separate order will be entered in conformance with this ruling.

---

17, 97 S.Ct. 31, 50 L.Ed.2d 21 (1976) (per curiam).

**2.** Mistake of law questions are usually considered under Rule 60(b)(1). *See* 7 Moore's Federal Practice ¶ 60.22[3] (1979). As a motion under this clause must be brought within one year after the entry of the final judgment that it seeks to overturn, plaintiff's petition would be time-barred. However, plaintiff also urges this Court to consider her petition as an equitable action independent of Rule 60(b). Rule 60(b) states that "[t]his rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment . . . :" Equitable relief in such an independent suit "rests on 'stringent rules' limited to circumstances 'which would render it manifestly unconscionable that a judgment be given effect.'" *Carr v. District of Columbia*, 543 F.2d 917, 927 (D.C.Cir. 1976); *Chrysler Corp. v. Superior Dodge, Inc.*, 83 F.R.D. 179, 186–87 (D.Md.1979); 7 Moore's Federal Practice ¶ 60.-37[1] at 623 (1979). For the reasons expressed *infra* in the text of this opinion, this Court would, nevertheless, still deny relief.

**3.** *See generally* 62 Va.L.Rev. 414, 426–31 (1976).