**FIRST AMERICAN NATIONAL BANK OF NASHVILLE, Plaintiff,**

v.

**BONDED ELEVATOR, INC., et al., Defendants.**

**Civ. A. No. 78–0145–P(J).**

United States District Court, W.D. Kentucky, Paducah Division.

July 15, 1986.

McMurry & Livingston, Paducah, Ky., for plaintiff.

Barnett & Alagia, Louisville, Ky., for defendants.

## MEMORANDUM

JOHNSTONE, Chief Judge.

This case is before the court on a motion by plaintiff First American for reconsideration, rehearing, and to alter or amend this court's January 14, 1986 order in favor of defendants Bonded and Corum. Jurisdiction exists under 28 U.S.C. § 1332.

In 1980, this court granted a summary judgment motion in favor of First American, finding defendants Bonded and Corum liable to First American on a note, despite the fact that SLT Warehouse Company, who had a financing arrangement with the defendants, agreed to loan First American the amount due on the note. In ruling on an earlier proposed Rule 60(b) motion while that decision was on appeal, this court held that it would be inclined to deny such a motion, because the debt was not satisfied by the loan.

However, in a state case which arose out of the same circumstances as this case, and involved virtually all of the same parties, the Kentucky Supreme Court overruled the law relied upon by the Sixth Circuit in its affirmance of this court's 1980 orders and held that the loan did satisfy the debt and precluded the bank from proceeding further against Bonded for the collection of the judgment. *Bonded Elevator, Inc. v. First National Bank of Louisville,* 680 S.W.2d 124 (Ky.1983).

In light of that decision, defendants filed a motion for relief from this court's judgment, pursuant to *Fed.R.Civ.P.* 60(b). In the January 14, 1986 order, this court granted that motion and set aside the 1980 summary judgment motions against the defendants. Although this court noted in its decision that the facts and circumstances of this case were extraordinary within the meaning of Rule 60(b)(6), it held that defendants were entitled to relief under Rule 60(b)(5).

Plaintiff's present motion takes issue with that reliance on subsection (b)(5), reiterating its earlier contentions that the change in Kentucky law occurred after this case was final or *sub judice*, and that therefore (b)(5) was an improper basis for this court's decision.

Upon reconsideration of the earlier decision, this court admits that this case no longer was *sub judice* when the Kentucky Supreme Court held that such a loan was a satisfaction of the debt. However, that does not change the opinion of this court that the outcome should remain the same and that it is further justified within the meaning of Rule 60(b)(6).

Section (b)(6) provides a means of obtaining relief from final judgments for "any other reason justifying relief from the operation of the judgment." However, most courts agree that such a reason must be based on "'extraordinary circumstances' on the basis of a judicial balancing of the need for finality and the need to do justice in the individual case." *Brown v. Clark Equipment Co.*, 96 F.R.D. 166, 168 (D.Maine 1982). In addition, "the mere showing of a change in the law is not enough ... when the judgment has become final." *Pierce v. Cook & Co., Inc.*, 518 F.2d 720, 723 (10th Cir.1975), *Overbee v. Van Waters & Rogers*, 765 F.2d 578, 580 (6th Cir.1985).

In *Pierce*, cases arising out of an automobile accident were filed in both federal and state court. In the federal action, the court granted summary judgment in favor of the defendant based on Oklahoma tort law. In the state case, however, the Okla-homa Supreme Court overruled the law relied upon by the federal court and held that a cause of action did exist in favor of the plaintiffs. The federal case became final in 1971 and the state case was finalized in 1974. The Tenth Circuit reversed the district court's denial of the plaintiff's Rule 60(b) motion for relief, and held that since both cases arose out of the same factual situation, yet achieved divergent results, the circumstances were extraordinary within the meaning of the rule. In making its decision, the court noted as follows:

> In diversity jurisdiction cases the results in federal court should be substantially the same as those in state court litigation arising out of the same transaction or occurrence.

*Pierce,* 518 F.2d at 723.

Like the court in *Pierce,* this court finds that the federal and state actions arising out of Bonded's grain elevator problems should render substantially the same results. Therefore, this court adheres to its January 1986 order in favor of Bonded and Corum.

However, this court does agree with the plaintiff that the defendants' relief should be limited to an offset of the amount First American received pursuant to the loan receipt agreement from SLT against the amounts of the original summary judgments of May 4 and May 20, 1981 in favor of First American. Defendants apparently concede this issue, as they tendered an order to that effect with their Rule 60(b) motion, and indicated no objection in their memorandum in opposition to this motion.

An appropriate order shall accompany this memorandum.

## ORDER

In accordance with the memorandum opinion this date entered,

IT IS ORDERED:

1. This court's order of January 14, 1986 is hereby ALTERED AND AMENDED to provide that the loan from SLT to First American amounted to a partial satis-

faction of the debt owed by the defendants, and should be an offset from the total amount as follows:

2. The loan payment of $2,350,000 by SLT to First American shall offset the original May 21, 1980 judgment amount against Corum of $2,569,265.37 plus interest at 8 percent;

3. The loan payment of $2,350,000 by SLT to First American shall offset the original May 4, 1981 judgment amount against Bonded of $2,893,049.84 plus interest at 8 percent.

This is a final and appealable order with no just cause for delay.