944 F.2d 911
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Mark SPROULL, Plaintiff-Appellant,
v.
UNION TEXAS PRODUCTS CORP., d/b/a Union Texas Petroleum, a
Delaware corporation, Defendant-Appellee.
 No. 90-6286.
 United States Court of Appeals,
Tenth Circuit.
 Sept. 18, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 The sole issue to be decided is whether a post-judgment change in the law justifies relief from a judgment or order under Fed.R.Civ.P. 60(b)(6). We hold it does not and affirm.
 
 
 3
 The facts are simple and undisputed. Mr. Sproull (Plaintiff) commenced a wrongful discharge action against his employer, Union Texas Products Corporation (Defendant), alleging he had been denied a promotion and then discharged solely on the basis that he had attempted to report life threatening safety violations at his place of employment. Plaintiff also set forth two additional claims for relief: emotional distress and breach of contract. Plaintiff originally commenced this action in federal court, based upon diversity of citizenship. At that time, Oklahoma, the forum state, followed the at-will employment doctrine. An employer could fire an at-will employee for no reason, with no liability. Plaintiff therefore filed a motion to certify a question of state law to the Oklahoma Supreme Court; i.e., would Oklahoma recognize an exception to this doctrine? This motion was denied and Plaintiff voluntarily dismissed the original action.
 
 
 4
 Plaintiff refiled the same action in state court. Defendant removed the state court action to the federal court, where it was again assigned to the same judge who had a few months before denied the motion to certify a question of state law. Plaintiff voluntarily dismissed this action for the second time. Under Fed.R.Civ.P. 41(a), the second voluntary dismissal operated as an adjudication upon the merits.
 
 
 5
 Approximately eight months after the federal district court entered its final judgment, the Oklahoma Supreme Court decided Burk v. K-Mart Corp., 770 P.2d 24 (Okla.1989). In Burk, the Oklahoma Supreme Court recognized for the first time a public policy exception to the employment at-will doctrine, allowing recovery where the discharge "is contrary to a clear mandate of public policy...." Id. at 28.
 
 
 6
 Some three months thereafter, being exactly one year after entry of the final judgment, Plaintiff returned to his second action and filed a "Motion to Vacate and Set Aside Judgment" under Rule 60(b)(6) based upon the post-judgment change in Oklahoma law as articulated in Burk. Following various proceedings, the district court ultimately denied Plaintiff's motion to vacate, holding that its power to grant a Rule 60(b)(6) motion was not unfettered, especially where the post-judgment change in law arose in a totally unrelated case. The district court relied upon Morris v. Adams-Millis Corp., 758 F.2d 1352 (10th Cir.1985), in reaching its decision. Sproull v. Union Texas Products Corp., No. CIV-88-891-P (W.D.Okla. Aug. 3, 1990) (Order upon reconsideration denying Plaintiff's motion to set aside judgment).
 
 
 7
 As Rule 60(b) provides "the court may relieve a party ... from a final judgment" (emphasis added), it follows that such act is discretionary. Thus, our standard of review in an appeal from a district court's denial of a Rule 60(b) motion is that of abuse of discretion. Browder v. Director, Ill. Dept. of Corrections, 434 U.S. 257, 263 n. 7 (1978); Graham v. Wyeth Laboratories, 906 F.2d 1399, 1401 (10th Cir.), cert. denied, 111 S.Ct. 511 (1990).
 
 
 8
 Rule 60(b) specifies six reasons or grounds for relief from a final judgment or order. Clauses (1) through (5) state the traditional grounds for relief. Clause (6) provides that the district court may grant relief for "any other reason justifying relief from the operation of the judgment." Thus, clause (6) is a catchall provision designed to cover unforeseen contingencies. As stated by Moore, "[i]t is intended to be a means for accomplishing justice in exceptional situations; and, so confined, does not violate the principle of finality of judgments." 7 Moore's Federal Practice, p 60.27, p. 60-274 (2d ed. 1991). We have described Rule 60(b)(6) as a " 'grand reservoir of equitable power to do justice in a particular case.' " Pierce v. Cook & Co., 518 F.2d 720, 722 (10th Cir.1975) (citation omitted), cert. denied, 423 U.S. 1079 (1976).
 
 
 9
 The law in this circuit is clear. A post-judgment change in the law or in the judicial view of an established rule of law does not justify relief under Rule 60(b)(6). Collins v. City of Wichita, 254 F.2d 837, 839 (10th Cir.1958). In Pierce, this court, in an en banc decision, and in an unusual fact situation, created a limited exception to Collins: relief may be granted under Rule 60(b) when the post-judgment change in the law arises out of the same accident as that in which the plaintiff was injured. Pierce, 518 F.2d at 721, 723; Morris, 758 F.2d at 1359. Any broader rule would judicially abolish the concept of finality in litigation and make every lawsuit winner vulnerable to additional litigation if and when the law is changed. This vulnerability is made more significant when one realizes that a Rule 60(b)(6) motion need only be brought "within a reasonable time."
 
 
 10
 Plaintiff cites three cases as being contrary to Collins and Morris. The first of these, Professional Assets Management, Inc. v. Penn Square Bank, N.A., 616 F.Supp. 1418 (W.D.Okla.1985), is a district court case and is not binding precedent upon this court. The remaining two cases are Adams v. Merrill Lynch Pierce Fenner & Smith, 888 F.2d 696 (10th Cir.1989), and Wilson v. Al McCord Inc., 858 F.2d 1469 (10th Cir.1988). In Wilson, which involved purchases of unregistered securities, the plaintiffs' issues were submitted to the trial court for ruling. Summary judgment was entered on some claims, directed verdicts on some, and jury verdicts on others. The plaintiffs then filed post trial motions. In Wilson, we granted relief based in part on a change in state law during the pendency of the appeal, stating it was the duty of the federal court " 'that still has jurisdiction of the case to conform its decision and judgment to the latest decision of the supreme court of the state.' " Id. at 1478 (citation omitted). In Adams, a group of investors sued for various security claims, and the defendant moved to compel arbitration. Defendant filed a Rule 60(b)(6) motion asking the district court to reconsider its order partially denying arbitration. These claims were still pending before the district court and no finality had attached to that judgment. We thus distinguish both of these cases in that the moving parties had presented their legal issues to the court for relief and had not wholly surrendered prosecution of its claims.
 
 
 11
 In the case before us, Plaintiff twice voluntarily dismissed his complaint without first seeking a judicial ruling upon his asserted issue of law. No judicial action was ever taken to adjudicate Plaintiff's claims, nor did Plaintiff ever request such action. We may only speculate as to Plaintiff's reasons therefor, but perhaps Plaintiff was unwilling to risk Oklahoma's law imposing attorney fees upon the loser in order to challenge Oklahoma's existing employment at-will doctrine. One cannot be critical of Plaintiff's decision. The fact remains, however, that Plaintiff twice sued Defendant upon a theory of law then unrecognized in Oklahoma and rather than pursue his effort to make new law, twice dismissed without giving the trial court the opportunity to rule upon his assertions. In short, Plaintiff twice made the tactical decision to abandon his efforts to change Oklahoma law and in both cases these tactical decisions were made prior to a court ruling upon the merits of his claims. As a result of these tactical decisions, nothing was pending before the trial court, nor had any appeals been timely filed.
 
 
 12
 Furthermore, while Oklahoma law regarding a public policy exception to the employment at-will doctrine was somewhat unsettled, the same was not true for Plaintiff's remaining claims of intentional infliction of emotional distress and breach of contract. These are recognized claims in Oklahoma. Plaintiff had the opportunity to litigate these claims and failed to do so. Plaintiff has not pointed to extraordinary circumstances that would justify Rule 60(b)(6) relief concerning these two claims. Rule 60(b)(6) should not be used to relieve a party of the consequences of voluntary litigation choices or improvident tactical decisions. As stated by the United States Supreme Court:
 
 
 13
 Petitioner made a considered choice not to appeal, apparently because he did not feel that an appeal would prove to be worth what he thought was a required sacrifice of his home. His choice was a risk, but calculated and deliberate and such as follows a free choice. Petitioner cannot be relieved of such a choice because hindsight seems to indicate to him that his decision not to appeal was probably wrong considering the outcome of the Keilbar case. There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from.
 
 
 14
 Ackermann v. United States, 340 U.S. 193, 198 (1950). Plaintiff has pointed to nothing in the record that would suggest that his dismissals were anything other than informed decisions made upon counsel's advice as to the state of employment law in Oklahoma.
 
 
 15
 As we review the judgment of the district court for an abuse of discretion, we have not been persuaded that the district court abused its discretion in denying plaintiff relief under Rule 60(b)(6).
 
 
 16
 The judgment of the district court is therefore AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3