Dwight Terrelle NIXON, Plaintiff,

v.

MUEHLBERGER CONCRETE CONSTRUCTION COMPANY, Defendant.

Nos. CIV A 00–2058–GTV, 00–2388–GTV.

United States District Court, D. Kansas.

April 4, 2001.

Dwight Terrelle Nixon, Norcross, GA, pro se.

Tracy L. Powell, Levy & Craig, P.C., Kansas City, MO, Robert M. Pitkin, Levy & Craig, P.C., Overland Park, KS, for defendant.

## MEMORANDUM AND ORDER

VanBEBBER, Senior District Judge.

On February 2, 2000, Plaintiff Dwight Nixon filed a pro se complaint in this court, alleging that his former employer, Defendant Muehlberger Concrete Construction Company, discriminated and retaliated against him in violation of Title VII of the Civil Rights Act of 1964.[1] This court ordered Plaintiff to supplement his complaint, and when he failed to do so, dismissed the case. Plaintiff retained an attorney, and filed another suit against Defendant.[2] In the second case, Plaintiff restates his Title VII claims, and adds claims under 42 U.S.C. § 1981 and the Kansas Act Against Discrimination ("KAAD").[3]

The first case (00–2058–GTV) is before the court on Plaintiff's Motion for Relief from Order of Dismissal without Prejudice (Doc. 7). The second case (00–2388–GTV) is before the court on Defendant's Motion to Dismiss (Doc. 5). For the reasons stated below, the court grants Plaintiff's motion for relief in case number 00–2058–GTV. The court grants Defendant's motion to dismiss in part in case number 00–2388–GTV. Finally, the court orders the clerk to consolidate the two cases for further proceeding.

1. 42 U.S.C. § 2000e et seq. (1994). The complaint is in case number 00–2058–GTV.

2. The second case's number is 00–2388–GTV. This case actually names Defendant Muehlberger Construction Management Company, Inc. and Defendant Muehlberger Management Company, Inc. instead of Defendant Muehlberger Concrete Construction Company. The difference is immaterial.

3. K.S.A. § 44–1001 et seq.

## I. Plaintiff's Motion for Relief— 00–2058–GTV

■■■ This court dismissed Plaintiff's first case because Plaintiff did not respond to an order to supplement his complaint. Plaintiff now asks the court to reinstate the case. Fed.R.Civ.P. 60(b) states that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect ... or (6) any other reason justifying relief from the operation of the judgment." The court has substantial discretion in deciding a Rule 60(b) motion. See *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir.1990). "Rule 60(b)(6) has been referred to as a 'grand reservoir of equitable power to do justice in a particular case.'" *Id.* (quoting *Pierce v. Cook & Co.*, 518 F.2d 720, 722 (10th Cir.1975) (internal quotation marks and citation omitted)).

Plaintiff has testified by affidavit that he does not remember receiving the court's order to supplement his complaint. He also has stated that he was not aware that his case could be dismissed until after he received the order of dismissal.

Plaintiff has shown diligence by filing a charge with the Equal Employment Opportunity Commission ("EEOC") in a timely manner and filing his pro se complaint in case number 00–2058–GTV within ninety days of receiving his right-to-sue letter from the EEOC. Because the ninety-day limit imposed by Title VII expired by the time his case was dismissed, any new filing of Plaintiff's case is time-barred. The court concludes that the foregoing reasons justify relief from judgment. Plaintiff's motion for relief from judgment in case 00–2058–GTV is granted, and case number 00–2058–GTV is reopened.

## II. Defendant's Motion to Dismiss— 00–2388–GTV

### A. § 1981 Claims

When Plaintiff filed his second case, he restated his Title VII claims and added claims under 42 U.S.C. § 1981 and the KAAD. Defendant argues, and Plaintiff concedes, that Plaintiff's § 1981 claims are barred by the statute of limitations. The court agrees. The applicable statute of limitations for a § 1981 claim is the two-year period of K.S.A. § 60–513(a)(4), the period for "an action for injury to the rights of another, not arising on contract." K.S.A. § 60–513(a)(4); see *Boyice v. United Parcel Serv., Inc.*, No. 96–3072, 1996 WL 421950, at *1 (10th Cir.1996). Although it is not clear from Plaintiff's complaint, the court assumes that Plaintiff was discharged sometime before December 3, 1997, the date he filed a charge with the EEOC. Plaintiff's response to Defendant's motion to dismiss states that Plaintiff was last employed by Defendant in October of 1997. Plaintiff filed his pro se complaint in case number 00–2058–GTV on February 2, 2000. He filed his complaint in case number 00–2388–GTV on August 29, 2000. Either date is more than two years after the last date on which any discriminatory or retaliatory conduct could have occurred. Consequently, Plaintiff's § 1981 claims are barred by the statute of limitations.

### B. KAAD Claims

■■■ Defendant also argues that Plaintiff did not exhaust his administrative remedies with respect to his KAAD claims. Plaintiff fails to address Defendant's argument. The court has reviewed the record, and concludes that Plaintiff did not exhaust his administrative remedies. The KAAD requires the timely filing of an administrative charge with the Kansas Human Rights Commission before a plaintiff may file a lawsuit. See K.S.A. § 44–

1005(i). The Kansas Court of Appeals recently held that the filing of a charge with the EEOC is insufficient to satisfy the KAAD requirement. See *Hughs v. Valley State Bank,* 26 Kan.App.2d 631, 994 P.2d 1079, 1086–87 (1999). The only charge the record reveals that Plaintiff filed was his EEOC charge. Because the EEOC charge does not satisfy the KAAD exhaustion requirements, the court dismisses Plaintiff's KAAD claims.

## C. Title VII Claims

The court has dismissed Plaintiff's § 1981 and KAAD claims. Consequently, the only claims remaining in case number 00–2388–GTV are Plaintiff's Title VII claims. These claims are based upon essentially the same allegations that Plaintiff makes in his pro se complaint in case number 00–2058–GTV.[4] Because the two complaints contain essentially the same allegations, the court will consolidate the actions and treat the second complaint as an amendment to the first. See *Triggs v. Marshall,* Nos. C–92–3924–DLJ & C–93–0478–DLJ, 1993 WL 79520, at *1 (N.D.Cal. Mar. 9, 1993); *Welch v. Kennedy Piggly Wiggly Stores, Inc.,* 63 B.R. 888, 892 (W.D.Va.1986).

 An amendment to a complaint relates back to the date of the original complaint when "the claim or defense asserted in the amended [complaint] arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original [complaint]. . . ." Fed.R.Civ.P. 15(c)(2). In the instant case, the claims in the second complaint arose out of the conduct attempted to be set forth in the first complaint. Plaintiff filed his original complaint within ninety days of receiving his right-to-sue letter. The amendment relates back to the date the original complaint was filed, thereby making Plaintiff's Title VII claims as alleged in his second complaint timely-filed.

Defendant argues in its motion to dismiss that Plaintiff's Title VII claims are time-barred because they were not filed within 90 days of the receipt of the right-to-sue letter. Because the court has treated the second complaint as an amendment to the first, this issue is now moot. Therefore, the court denies Defendant's motion to dismiss Plaintiff's Title VII claims.

IT IS, THEREFORE, BY THE COURT ORDERED that in case number 00–2058–GTV, Plaintiff's motion for relief is granted. The clerk is directed to reopen the case.

IT IS FURTHER ORDERED that in case number 00–2388–GTV, Defendant's motion to dismiss is denied in part and granted in part; Plaintiff's § 1981 and KAAD claims are dismissed.

The clerk is directed to consolidate the cases, and refer the remaining case to Judge Waxse for scheduling and supervision of discovery.

Copies of this order shall be mailed to counsel of record.

**IT IS SO ORDERED.**

---

4. While Plaintiff's pro se complaint somewhat unclearly states Plaintiff's allegations, the court liberally construes Plaintiff's pro se complaint. See *Perkins v. Kansas Dep't of Corr.,* 165 F.3d 803, 806 (10th Cir.1999).