**ALLEMAND BOAT COMPANY**

**v.**

**Eugene KIRK.**

**Civ. A. No. 91–1600.**

United States District Court, E.D. Louisiana.

March 25, 1992.

Robert B. Acomb, Jr., Jefferson Randolph Tillery, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for plaintiff.

Joseph R. DePaoli, Jr., Gretna, La., Lawrence Blake Jones, David Christopher Whitmore, Scheuermann & Jones, New Orleans, La., for defendant.

## ORDER AND REASONS

ARCENEAUX, District Judge.

Defendant, Eugene Kirk ("Kirk"), filed a motion for relief from judgment and noticed this motion for hearing on March 18, 1992. Having reviewed the memorandum in support, the opposition, and the applicable law, the court finds this motion to be without merit.

## BACKGROUND

Allemand Boat Company ("Allemand") filed this declaratory judgment action on April 25, 1991. In its complaint, Allemand sought a decree that it owed no maintenance and cure to Kirk.

The record shows that Allemand effected personal service of the complaint on Kirk's wife at his domicile on May 1, 1991. As a courtesy, Allemand's counsel also delivered a copy of the complaint to Joseph DePaoli, Kirk's counsel, on April 26, 1991.

On May 14, 1991, Magistrate Judge Michaelle Wynne set a status conference to be held on June 12, 1991. In the meantime, Kirk had not answered the complaint and, consequently, Allemand moved for entry of default on May 22, 1991. The Clerk of Court ordered the entry of a preliminary default on May 23, 1991.

The magistrate judge apparently discussed the motion for default with the parties at the June 12th conference. Mr. DePaoli subsequently answered the complaint in this action on the same date. Kirk's counsel, however, did not move to set aside the default prior to answering.

Mr. DePaoli also filed a petition for damages under the Jones Act on June 14, 1991, in the Twenty–Fourth Judicial District Court, Parish of Jefferson, State of Louisiana. Allemand, in apparent response, filed a limitation action in this court on June 25, 1991. Moreover, Allemand filed a declinatory exception of lis pendens on July 23, 1991, in the state court proceeding.

The undersigned judge became aware of these actions in August 1991. On August 16th, Judge Martin L.C. Feldman transferred the limitation action to this section because of the then-pending declaratory judgment proceeding. At such time, this judge expressed concern to the magistrate judge over the course that these proceedings had taken up to that time (including the fact that Kirk's counsel had not filed a claim in the limitation proceeding even though the time for such claims had expired). Moreover, the court expressed concern to the parties over the propriety of maintaining the declaratory judgment action where both a federal court limitation proceeding and a state court Jones Act proceeding existed at the same time.

The magistrate judge agreed to work with the parties and rectify both the procedural and substantive infirmities. As this court's minute entry of September 23, 1991, reflects, the undersigned judge, the magistrate judge, and opposing counsel all worked to assist Kirk's counsel. Kirk's

counsel, however, failed to return phone calls and otherwise accept the assistance being provided to him.

The court, therefore, issued a minute entry dated September 23, 1991. This minute entry provides a detailed narrative of the court's attempts to set this case on a path to adjudication of the merits. While the court denied defendant's motion to set aside the default filed on September 18, 1991, for failure to comply with the procedural rules, it did so without prejudice. Furthermore, the court ordered that Mr. DePaoli send a copy of the minute entry to his client to apprise Mr. Kirk of the strained course these proceedings had taken.

The court received no further motions or other pleadings from Kirk's counsel. On October 1, 1991, Allemand filed a motion for final default judgment and noticed it for hearing. The court granted this motion as unopposed on October 23, 1991. On October 28th, the court entered judgment declaring that Mr. Kirk was not entitled to maintenance and cure benefits.

Allemand subsequently filed a motion on November 1, 1991, for costs and/or sanctions. On November 25th, the court granted this motion as unopposed. The court subsequently referred the matter of determining reasonable attorney's fees to the magistrate judge. This determination will be addressed in a separate order to be issued herewith.

Defendant Kirk filed the instant motion on February 19, 1991, after retaining new counsel. In general, the defendant relies on his alleged status as a seaman and Mr. DePaoli's failure to understand the federal and local procedural rules as grounds for relief. Furthermore, Kirk argues that the court should find the entry of the preliminary default to be defective because twenty days had not elapsed between service and filing of the motion for default.

Allemand opposes vacating the judgment entered in this matter. First, Allemand argues that an attorney's ignorance of the procedural rules may not be used as a ground for relief. In addition, the plaintiff counters defendant's attack on the preliminary default by contending that a typographical error exists in the affidavit of service. The court now turns to the merits of these arguments under the relevant law.

## DISCUSSION

Kirk filed this motion under Rule 60(b) of the Federal Rules of Civil Procedure. The pertinent portions of Rule 60(b) provide:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment ... for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... (4) the judgment is void; ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment ... was entered or taken.

Fed.R.Civ.P. 60(b)(1), 60(b)(4), 60(b)(6). While not readily apparent from Kirk's motion, these three Rule 60(b) subsections appear to provide the only plausible grounds for relief.

The U.S. Court of Appeals for the Fifth Circuit has addressed this rule in the context of a default judgment. *See Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir.1981). In so doing, the court provided the following factors in considering a motion for relief under Rule 60(b):

(1) That final judgments should not be lightly disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether—if the judgment was a default or dismissal in which there was no consideration of the merits—the interest in deciding cases on the merits outweighs, in the particular case, the interest in finality of judgments, and there is merit in the movant's claim or defense; (6) whether—if the judgment was rendered after a trial on the merits—the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make

it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack.

*Id.* at 402. The Fifth Circuit, however, specifically noted that all these factors must be considered in light of the importance of preserving final judgments.

■ The court, in reviewing this defendant's motion, makes the following findings with respect to the considerations above.

(1) A final judgment has been entered in this case. As will be discussed herein, the other factors considered by the court do not militate in favor of vacating this judgment.

(2) Kirk has attempted to use Rule 60(b) as a substitute for appeal in this instance. The court's entry of default judgment could have been contested on appeal. The defendant clearly had notice of such default prior to it being entered and clearly for the first thirty days after entry of final judgment. Nevertheless, he made no attempt to have Mr. DePaoli or any other attorney appeal the court's ruling.

(3) The court, even construing the rule as liberally as possible, finds relief not warranted.

(4) The judgment became final on October 28, 1991. Kirk waited almost four months to seek relief. The court is hard-pressed to find such wait to be reasonable.

(5) Kirk provides no evidence upon which the court might evaluate the merits of his claims. No affidavits, deposition testimony, or documents have been introduced to substantiate that Kirk even suffered an injury while in the service of the plaintiff's vessel. The interest in deciding this case on the merits and the merits of defendant's claims, therefore, do not weigh in favor of vacating the final judgment.

(6) This factor does not apply because the court held no trial on the merits.

(7) Kirk attempts to use his status as a seaman to provide the court with an additional basis for relief. While this court certainly recognizes the special place that seamen have held as wards of the court, the blatant disregard of this court's rules and the failure of a party and his counsel to use due diligence cannot be ignored. The court, therefore, finds Kirk's alleged seaman status to be outweighed by other concerns.

The *Seven Elves, Inc.* factors, therefore, do not weigh in the defendant's favor. Furthermore, as the court will next discuss, no other grounds for relief exist.

### 1. Mistake, Inadvertence, or Excusable Neglect

■ Kirk contends that his failure to defend himself resulted from his attorney's inexperience and ignorance of the Federal Rules of Civil Procedure and this court's local rules. He continues that such inexperience and ignorance should not penalize him and his right to have his claims heard on the merits.

The Fifth Circuit's decision in *Hibernia National Bank v. Administracion Central Sociedad Anonima,* 776 F.2d 1277 (5th Cir.1985), set forth three factors to guide a court's deliberations under Rule 60(b)(1): "(1) the extent of prejudice to the plaintiff; (2) the merits of the defendant's asserted defense; and (3) the culpability of defendant's conduct." *Id.* at 1280 (citation omitted); *see Amberg v. Federal Deposit Ins. Corp.,* 934 F.2d 681, 686 (5th Cir.1991). The defendant's arguments for Rule 60(b)(1) relief simply do not persuade the court under these factors.

Defendant attempts to convince the court that no prejudice will result to Allemand by granting relief. The court, however, finds that plaintiff would be prejudiced in several ways. First, the defendant has caused the plaintiff to incur nearly $20,000 in attorney's fees and costs without even adjudicating this matter on the merits. Next, the plaintiff's counsel (presumably upon instructions from his client) acted in good faith to prosecute this matter. The court would send the wrong message by vacating the judgment under the circumstances present. Finally, Allemand has a right to

expect that, after a reasonable time, a judgment entered in its favor will remain final.

The court next questions the merits of Kirk's defense. The court admits that this suit presents somewhat unique circumstances in that a plaintiff normally claims maintenance and cure (rather than defending his right to it). But, even noting this fact, the defendant cannot avoid the requirement of producing a meritorious defense.

Kirk, in this case, simply fails to allege any defense. As noted above, plaintiff provides no affidavits, deposition testimony, or any other evidence in support of its motion. He merely relies on the bare allegations of his complaints in the various suits that have been filed.

A review of Allemand's allegations presents the question whether an injury even took place aboard its vessel. The court expects that, in seeking relief, a party would at least offer some credible evidence to sustain his right to the defense claimed. In this instance, the defendant's failure to do so proves fatal.

The third factor requires the court to examine Kirk's culpable conduct. Kirk, through his new co-counsel, argues that errors of Mr. DePaoli caused this present situation. He further posits that his counsel attempted to correct these errors but failed to be timely and to follow the court's local rules.

An abundance of case law exists refusing relief to clients whose attorneys' carelessness, neglect, and ignorance of the procedural rules resulted in default judgments. Moreover, the federal courts have long held that a party is bound by the actions (or inactions) of an attorney freely chosen by him or her. *See Link v. Wabash R.R.,* 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390–91, 8 L.Ed.2d 734 (1962); *Pryor v. U.S. Postal Serv.,* 769 F.2d 281, 288 (5th Cir.1985). The court also notes that

a party cannot have relief under Rule 60(b)(1) merely because he is unhappy with the judgment. Instead he must make some showing of why he was justified in failing to avoid mistake or inad-

vertence. Gross carelessness is not enough. Ignorance of the rules is not enough, nor is ignorance of the law.

11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2858, at 170 (1973 & Supp.1991) (footnotes omitted). Under these legal standards, Kirk's attempt to blame his attorney for his misfortune is of no consequence.

■ The result of attributing Mr. DePaoli's conduct to the defendant may be harsh. Kirk's relief, however, lies in a malpractice action. *See Link,* 370 U.S. at 634 n. 10, 82 S.Ct. at 1390 n. 10; *Pryor,* 769 F.2d at 289. Such a remedy places the burden on Mr. DePaoli to justify his conduct and relieves the plaintiff from investing further time and money into this matter. In the court's view, this result is just.

The court, however, also finds Kirk to have been culpable on his own. On September 23, 1991, this court specifically ordered Mr. DePaoli to send a copy of its minute entry to his client. An affidavit in the record proves his compliance with such order. Kirk, however, allowed the appeals time to expire and otherwise unreasonably waited in seeking relief. The court, in considering the strong content of its minute entry, finds no reasonable explanation for Kirk's delay in finding new counsel.

Kirk, therefore, fails to persuade the court that relief should be granted under Rule 60(b)(1). The prejudice to Allemand, the total lack of evidence sustaining a meritorious defense, and the culpable conduct of the defendant and his counsel mitigate against it.

### 2. Rule 60(b)(4)

■ Defendant next attempts to argue that the judgment rendered in this action is void. In support thereof, Kirk contends that Allemand did not wait twenty days from the date of service to seek a preliminary default.

The court, upon a review of Allemand's argument and supporting evidence, finds Kirk's contention to be unpersuasive. Plaintiff demonstrates to the court with credibility that a typographical error occurred in the affidavit of service. The re-

turn of service clearly indicates that, on May 1, 1991, Kirk's wife accepted personal service on his behalf at his domicile. Allemand did not apply for a preliminary default until May 22, 1991. Defendant does not even attempt to respond to this argument or evidence.

Kirk's argument under Rule 60(b)(4) is specious at best. Furthermore, as noted earlier, a party cannot use Rule 60(b) as a substitute for an appeal. The court, therefore, finds this ground for relief to be devoid of merit.

### 3. Rule 60(b)(6)

Defendant does not specifically incant Rule 60(b)(6) but, in an abundance of caution, the court has considered whether relief should be provided pursuant to it. Upon consideration by the court, it finds the answer to be in the negative.

 The U.S. Supreme Court once stated with respect to Rule 60(b)(6): "In simple English, the language of the 'other reason' clause, for all reasons except the five particularly specified, vests power in the courts adequate to enable them to vacate judgements whenever such action is appropriate to accomplish justice." *Klapprott v. United States*, 335 U.S. 601, 614–15, 69 S.Ct. 384, 390–91, 93 L.Ed. 266 (1949); *see Ackermann v. United States*, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950). *See generally* 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2695 (1983 & Supp.1991) (discussion of vacating default judgments). In this court's view, justice would be disserved by granting relief. Defendant's counsel disregarded the rules of this court, refused to accept guidance from the court and opposing counsel, and otherwise interfered with the efficient administration of justice. In addition, Kirk, the litigant, unreasonably delayed in seeking relief even after being apprised in strong language of his counsel's conduct and the possible ramifications.

This case simply does not present the court with the unique circumstances warranting relief under Rule 60(b)(6). For this reason, the court will not consider such relief.

### CONCLUSION

The court has considered the arguments presented by Kirk's new counsel. In doing so, it should be noted that neither of his two new attorneys should be blamed for the present situation. Their arguments on his behalf, however, simply do not persuade the court under the circumstances. Under the particular facts of this case, the jurisprudence interpreting Rule 60(b) does not warrant granting the relief requested. For the reasons herein, the defendant's motion for relief from judgment is hereby DENIED.