**HEIRS–AT–LAW AND BENEFICIARIES OF Franklin Lamar GILBERT, Deceased, Alma Sue Gilbert, Chuck Foster, Bobby Foster, and Debbie Foster Pearson, Plaintiffs,**

v.

**DRESSER INDUSTRIES, INC., Defendant.**

**No. DC90–G160–B–0.**

United States District Court,
N.D. Mississippi,
Delta Division.

Dec. 3, 1993.

Chapman, Lewis & Swan, Clarksdale, MS,
J. Kirkham Povall, Cleveland, MS, for plain-
tiffs.

Thomas E. Williams, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, for defendant.

## *MEMORANDUM OPINION*

BIGGERS, District Judge.

This cause comes before the court upon the motion of the plaintiffs for relief from judgment pursuant to Fed.R.Civ.P. 60(b). The court having considered the motion and the defendant's response is in a position to rule.

### FACTS

This action was commenced on October 3, 1990 by the heirs-at-law and beneficiaries of Franklin Lamar Gilbert, who was killed when he fell from a Galion Model RP–60 road planer manufactured by defendant Dresser Industries, Inc. ("Dresser"). The plaintiffs pleaded claims against Dresser based on negligence, strict liability, and breach of warranty. On July 20, 1992, this court granted summary judgment in Dresser's favor, finding that the consumer expectations test for products actions as applied in Mississippi precluded recovery under any theory pled in the action. The court did not reach the merits of the plaintiffs' claims nor did it address the defendant's alternative grounds for summary judgment. The judgment was affirmed without opinion by the Court of Appeals for the Fifth Circuit on January 22, 1993, 983 F.2d 1064. On March 25, 1993, the Mississippi Supreme Court in *Sperry–New Holland, Div. of Sperry Corp. v. Prestage*, 617 So.2d 248 (Miss.1993), rejected a manufacturer's argument that Mississippi follows the "consumer expectations" test in products actions. Finding instead that the trial court properly applied the "risk-utility" analysis, the Supreme Court used the decision "to clarify [its] reasons for the adoption for that test" in *Whittley v. City of Meridian*, 530 So.2d 1341 (Miss.1988), and *Hall v. Mississippi Chemical Exp. Inc.*, 528 So.2d 796 (Miss.1988). *Sperry–New Holland*, 617

So.2d at 253. Accordingly, *Sperry–New Holland*, makes clear that at the time that this case was decided on summary judgment, the state law that controlled this diversity action did not follow the consumer expectations test, the standard applied by this court in dismissing the action. *See also Satcher v. Honda Motor Co.*, 993 F.2d 56, 57 (5th Cir. 1993) ("Mississippi applies a 'risk-utility' test and has done so since 1987.")[1]

Four days after *Sperry–New Holland* was decided, the plaintiffs moved this court to stay the taxation of costs awarded to Dresser. As grounds for the motion, the plaintiffs cited *Sperry–New Holland*, and stated their intention "to perfect an appeal to the United States Supreme Court seeking a writ of certiorari." In their motion, the plaintiffs asserted that "the significant change in the law . . . should provide a basis for further review by the United States Supreme Court or, in the alternative, a re-opening of the proceedings pursuant to Rule 60 of the Federal Rules of Civil Procedure." On September 7, 1993, the present motion was filed.

### LAW

Fed.R.Civ.P. 60(b) provides in relevant part that:

(b) **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.**

On motion and upon such terms that are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;

. . . .

(5) the judgment has been satisfied, released or otherwise vacated or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall

---

**1.** *Sperry–New Holland* does not itself address the exact point in time from which Mississippi abandoned the consumer expectations test. The statement in *Satcher* that Mississippi has followed the risk utility analysis "since 1987" probably originates from the language of *Sperry–New*

*Holland*, quoted above, that immediately preceded the Mississippi Supreme Court's citation to *Whittley* and *Hall*. The *Sperry–New Holland* court incorrectly identifies their decision in *Hall* to have been rendered in 1987, rather than 1988.

be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

In this circuit, the analysis of the merits of a motion under 60(b) include consideration of several factors:

(1) That final judgments should not be lightly disturbed; (2) that the rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether—if the judgment was a default or dismissal in which there was no consideration of the merits—the interests in deciding cases on the merits outweighs, in the particular case, the interests in finality of judgments, and there is merit in the movant's claim or defense; (6) whether—if the judgment was rendered after a trial on the merits—the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make in inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack.

*Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir.1981).

## DISCUSSION

### A. 60(b)(1)

■ Dresser responds that the motion is untimely since it was not filed within one year. Construing the possible basis for the motion,[2] the defendant asserts that it can only be predicated upon Fed.R.Civ.P. 60(b)(1), i.e., that this court as well as the appellate court made a "mistake" in the application of Mississippi law. Following this reasoning, it is the defendant's contention that since *Sperry–New Holland* did not change but, rather, only clarified Mississippi law, a "mistake" has been made. The court does not agree.

When directed at the results reached by the court rather than the conduct of the party seeking relief, Fed.R.Civ.P. 60(b)(1)

has generally been construed to govern errors of law properly characterized as judicial "oversight" such as "overlooking controlling statutes or case law." *In re Ta Chi Navigation (Panama) Corp. S.A.*, 728 F.2d 699, 703 (5th Cir.1984). As stated in *United States v. 329.73 Acres of Land*, 695 F.2d 922, 925 (5th Cir.1983), "one purpose of Rule 60(b)(1) is to permit the trial court to reconsider and correct 'obvious errors of law' without forcing the parties to engage the machinery of appeal" (quoting *Fackelman v. Bell*, 564 F.2d 734, 736 (5th Cir.1977)). That decision is in accord with the weight of authority in this circuit. *See Alvestad v. Monsanto Co.*, 671 F.2d 908, 913 (5th Cir.) ("mistake" within the purview of 60(b)(1) is not misinterpretation of law; the latter is properly disposed of by appeal), *cert. denied*, 459 U.S. 1070, 103 S.Ct. 489, 74 L.Ed.2d 632 (1982); *Fackelman*, 564 F.2d at 736 (reopening under 60(b)(1) "is to permit the district court to reconsider and correct its own errors, particularly if they are of an obvious nature amounting to little more than clerical errors").

In the opinion of the court, 60(b)(1) does not apply. As pointed out by the plaintiffs, the reasoning of the court's opinion was deliberate and followed then existing controlling precedent. That that precedent was based upon an incorrect "*Erie* guess" does not transform the court's opinion into a "mistake." While nothing about the correct standard to apply in product liability cases in the relevant jurisdiction was "obvious" prior to *Sperry–New Holland*, it is a more proper characterization that this court "misinterpreted" the law governing this diversity action. Plaintiff timely appealed that decision and argued the same position as that taken before this court and subsequently approved of in *Sperry–New Holland*. Because the appellate court committed the same error in affirming this court's dismissal and, likewise, failed to reach the merits of the plaintiff's claims, this court is now called upon to determine if relief may be warranted upon the grounds asserted, namely Fed.R.Civ.P. 60(b)(5) and/or (6).

---

2. The plaintiffs do not specify in their motion which subsection of 60(b) applies. In their sup-

porting brief, however, 60(b)(5) and/or 60(b)(6) are identified as possible grounds.

## B.   60(b)(5)

█   It is the opinion of the court that Fed.R.Civ.P. 60(b)(5) does not apply to the circumstances presented by this case.   No judgment was rendered which might be satisfied, released or discharged; the judgment was not "based on" any prior judgment, subsequently reversed or otherwise vacated, and has no prospective application in a sense necessary for application of the rule.   The judgment rendered in this case followed the Fifth Circuit's decisions in *Melton v. Deere & Co.*, 887 F.2d 1241 (5th Cir.1989), and *Gray v. Manitowoc Co.*, 771 F.2d 866 (5th Cir. 1985), whose precedential value has been eclipsed by *Sperry–New Holland*.   But this decision was not "based on" the judgments rendered in those cases, in any relevant manner.   *See Lubben v. Selective Serv. Sys. Local Bd*, 453 F.2d 645, 650 (1st Cir.1972) ("For a decision to be 'based on' a prior judgment within the meaning of Rule 60(b)(5), the prior judgment must be a necessary element of the decision giving rise, for example, to the cause of action or a successful defense").   This circuit is in accord with *Lubben*.   *Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 851 (5th Cir.1990); *Bailey v. Ryan Stevedoring Co.*, 894 F.2d 157, 160 (5th Cir.1990).

█   Moreover, no prospective application of the judgment dismissing this action is possible since neither this court nor the Court of Appeals reached the merits of the case beyond application of the patent danger bar to the facts then presented.   Seemingly, res judicata would not bar the initiation of another action between these same parties based upon the same set of facts in so far as it is now indisputable that at the time that this cause of action arose, the applicable test for product defectiveness was not the test employed by this court and expressly affirmed on appeal.   Yet, even assuming that the doctrine applied to the unusual circumstances presented in this case, this circuit now recognizes that relitigation preclusion is not enough to trigger the prospective application clause.   *Picco*, 900 F.2d at 851.   *Sperry–New Holland* did not change the law in Mississippi.   That the decisions this court

relied upon have, for all intents and purposes, been declared erroneous by the Mississippi Supreme Court in an unrelated proceeding does not place this case within the circumstances affording relief under 60(b)(5).   *See Marshall v. Board of Educ.*, 575 F.2d 417, 424 (3d Cir.1978) ("[r]eliance on a judgment in an unrelated case ... does not make the original judgment vulnerable within the 'prior judgment' clause of subsection 5").   Nonetheless, in the opinion of this court, Rule 60(b)(6) provides relief to the plaintiffs under these facts.

## C.   60(b)(6)

█   Rule 60(b)(6) allows relief from a judgment for "any other reason justifying relief from the operation of the judgment."   "Extraordinary circumstances" must exist to warrant relief under this provision and, when found, the rule provides the authority "to vacate [the] judgment[ ] whenever such action is appropriate to accomplish justice."   *Klapprott v. United States*, 335 U.S. 601, 615, 69 S.Ct. 384, 390, 93 L.Ed. 266 (1949).   *See also Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 605 (5th Cir.1986) ("Clause (6) is a residual clause used to cover unforeseen contingencies; that is, it is a means of accomplishing justice in exceptional circumstances.").

█   The defendant cites much authority for the propositions that 60(b)(6) is neither a substitute for appeal nor may it be applied for relief from judgment solely because of a subsequent change in decisional law.   While each proposition is true, this case involves neither.   If a comparison need be drawn, the facts of this case are more analogous to "a postjudgment change in the law having retroactive application," a situation other courts have recognized as "extraordinary" enough to warrant relief under the rule.   *Matarese v. Le Fevre*, 801 F.2d 98 (2d Cir.1986), *cert. denied*, 480 U.S. 908, 107 S.Ct. 1353, 94 L.Ed.2d 523 (1987); *Pierce v. Cook & Co.*, 518 F.2d 720 (10th Cir.1975), *cert. denied*, 423 U.S. 1079, 96 S.Ct. 866, 47 L.Ed.2d 89 (1976).[3]

**3.**   In *Pierce,* the Tenth Circuit granted relief under 60(b) to plaintiffs three years after affirming

summary judgment against them where the state law precedent relied upon by the trial and appel-

In *DeWeerth v. Baldinger*, 804 F.Supp. 539 (S.D.N.Y.1992), the District Court for the Southern District of New York found that the following circumstances warranted relief under 60(b): In 1987, the District Court applying New York law held that the plaintiff had timely commenced her action to recover a painting by Claude Monet stolen from her and purchased by another in good faith twelve years later. In ruling in her favor, the court found that because New York did not impose a "due diligence" requirement for those seeking to reclaim stolen chattel from bona-fide purchasers, the action was not barred by a three-year statute of limitations (for the tort of conversion). The district court's opinion was subsequently reversed on this point by the Second Circuit Court of Appeals. The appellate court, while recognizing that New York did not impose a due diligence requirement, imposed one nonetheless finding among other things that state policy "favoring the good faith purchaser and discouraging stale claims" required its imposition. *DeWeerth v. Baldinger*, 836 F.2d 103, 109–10 (2d Cir.1987), *cert. denied*, 486 U.S. 1056, 108 S.Ct. 2823, 100 L.Ed.2d 924 (1988). The appellate court's mandate was issued in 1988.

In 1991, the New York Supreme Court in an unrelated case found that New York law did not, nor had ever, imposed a duty of due diligence upon those seeking to recover stolen property from subsequent good faith purchasers. *Guggenheim v. Lubell*, 77 N.Y.2d 311, 567 N.Y.S.2d 623, 569 N.E.2d 426 (1991). In light of *Guggenheim*, the plaintiff moved the Second Circuit to recall its mandate, vacate its judgment, and affirm the District Court's 1987 judgment. The motion was denied.

The district court was then called upon to provide relief under 60(b), in light of *Guggenheim*, and did so "[i]n order to prevent the working of an extreme and undue hardship upon the plaintiff, to accomplish substantial justice and to act with appropriate regard for the principles of federalism which underlie our dual judicial system in this extraordinary case...." *DeWeerth*, 804 F.Supp. at 550. *DeWeerth* is closer factually to the case at bar than *Pierce* which involved differing results to parties similarly situated in all relevant respects save the location of the court. *See also First American Nat. Bank v. Bonded Elevator, Inc.*, 111 F.R.D. 74 (W.D.Ky. 1986) (defendants found liable on note were entitled to relief based on extraordinary circumstances where law relied upon by federal court was overruled by state supreme court in case arising out of same circumstances and involving virtually same parties). In *Pierce*, *Bonded Elevator* and like cases that involve substantially identical parties, relief is afforded under 60(b)(6) because the *Erie* outcome determinative principle is violated where disparate treatment is wholly the result of the court adjudicating the rights of the parties. Similarly, relief under 60(b)(6) has also been available in cases where a change in decisional law adversely impacts upon one party but not another, both of whose claims arise out of the same transaction or occurrence. This "common accident" rationale for relief under 60(b) does not directly rest upon *Erie* but rather fairness and impartiality in terms of consistency in results. *See Norman v. Nichiro Gyogyo Kaisha, Ltd.*, 761 P.2d 713 (Alaska 1988).

Like *DeWeerth*, however, this case involves the correct application of controlling law as clarified by a subsequent decision of the court vested with having the last word on its proper application. *Sperry–New Holland*, like *Guggenheim*, did not change controlling law. It applied it as that law had existed prior to this cause of action even accruing. Thus, at the point in time that this court ruled, the doctrine of *stare decisis* required

late courts was subsequently overruled by the state's highest tribunal in a related case. Finding that "[t]he outcome determination principle mandated by *Erie v. Tompkins* [304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)] has been violated," relief was granted. While *Pierce* is factually distinguishable from the present action because that case involved irreconcilable decisions reached by the federal and state courts adjudicating claims arising from the same set of facts, the outcome determinative principle of *Erie* is likewise implicated in the case at bar. Had the action been filed, and remained in state court, application of the risk utility test, the standard governing this action, would have precluded summary judgment on the basis of the "patent danger" bar.

this court to follow prior decisions of the Fifth Circuit that had occasion to interpret Mississippi law with regard to products liability actions. Yet, as it is now apparent, *Erie* required an inapposite result at the time that this court ruled.

Acknowledging that reasonable minds could differ on this point, it is unusual for a court to misapply or misconstrue controlling law when deciding a case. It is rarer still to be affirmed at that. It is truly "extraordinary," however, that both the initial error, as well as its subsequent affirmance, would be based upon fairly well established precedent,[4] the persuasiveness of which disappeared overnight. *Sperry–New Holland,* 617 So.2d at 256 ("Fifth Circuit decisions, while quite persuasive in their authority, are not binding on this Court. It is this Court's province to decide matters of state law."). Accordingly, the court finds the motion for relief under 60(b)(6) to have merit. The next issue to decide is whether or not the plaintiffs' motion is timely.

■ As pointed out by the defendant, the plaintiffs' motion was filed one year and two months after this court's judgment, eight months after affirmance by the Fifth Circuit and slightly over five months after the Mississippi Supreme Court ruled in *Sperry–New Holland.* Also, the defendant correctly points out that the point of time from which reasonableness is judged is the time that the basis for the motion becomes known to the moving party. *First RepublicBank Ft. Worth v. Norglass Inc.,* 958 F.2d 117, 120 (5th Cir.1992). The court agrees that on March 29, 1993, the plaintiffs understood the significance of *Sperry–New Holland,* when informing the court of their grounds for their motion to stay the taxation of costs. The question becomes whether or not the intervening five-month delay is unreasonable under the circumstances.

Citing *Frazier v. Board of Trustees,* 765 F.2d 1278 (5th Cir.1985), *cert. denied,* 476 U.S. 1142, 106 S.Ct. 2252, 90 L.Ed.2d 697 (1986); *McLawhorn v. John W. Daniel & Co.,* 924 F.2d 535, 538 (4th Cir.1991); *Federal Land Bank v. Cupples Bros.,* 889 F.2d 764 (8th Cir.1989), and *Kagan v. Caterpillar Tractor Co.,* 795 F.2d 601 (7th Cir.1986), the defendant asserts this delay is unreasonable. The court finds the cases cited by the defendant fairly distinguishable from the case at bar. In *Frazier,* the 60(b)(6) motion sought review of the trial court's earlier Rule 54(b) direction for entry of final judgment five months after entry and did not involve either a subsequent clarification and/or change in decisional law. Apart from the timing of the motion, the court found that no extraordinary circumstances existed from which relief would be warranted pursuant to 60(b)(6). Likewise, the court noted that the judgment from which relief was sought was never appealed. In *McLawhorn,* although the court found a three and one-half month delay unreasonable, it likewise found that the result would not have changed had the motion been timely. Moreover, the movant never appealed the order from which relief was sought. In *Cupples,* the court found that the basis for the motion arose a year previously and concurred in the lower court's assessment that the motion was filed for purposes of delay. In *Kagan,* the delay was considered unreasonable in light of six months having elapsed since the dismissal of the movant's cause, only after the court had held the basis for the motion under 60(b) (his attorney's negligence) without merit. No appeal had been taken from the judgment of dismissal. Thus, *Kagan, McLawhorn,* and, to a lesser extent, *Frazier* may be found to fit within factor (2) of the *Seven Elves* framework; *Cupples* under factor (7). None presented circumstances exceptional or extraordinary.

Conversely, in this case the plaintiffs have continually asserted the correct test applicable under the facts of their cause to no avail. They have sought judicial recognition of this

---

4. *See Toney v. Kawasaki Heavy Indus. Ltd.,* 763 F.Supp. 1356 (S.D.Miss.1991) (summary judgment granted in favor of manufacturer of motorcycle without leg protections on basis of open and obvious defense; court followed *Melton* in applying consumer expectations test), *aff'd,* 975 F.2d 162 (5th Cir.1992); *Batts v. Tow–Motor*

*Forklift Co.,* 978 F.2d 1386 (5th Cir.1992) (open and obvious jury instruction properly given. Jury verdict for manufacturer affirmed); *Gray v. Manitowoc Co.,* 771 F.2d 866 (5th Cir.1985); *Hedgepeth v. Fruehauf Corp.,* 634 F.Supp. 93 (S.D.Miss.1986), *aff'd,* 813 F.2d 405 (5th Cir. 1987).

argument on three previous occasions. Now that it is clear that their position was the correct one throughout this litigation, to deny relief and, potentially, their subsequent day in court would be extraordinary.

The court finds that the delay was not unreasonable under these circumstances. As noted by a leading authority:

> What constitutes reasonable time must of necessity depend upon the facts in each individual case. The Courts consider whether the party opposing the motion has been prejudiced by the delay in seeking relief and whether the moving party has some good reason for his failure to take appropriate action sooner.

11 Wright & Miller, *Federal Practice & Procedure* 2866. The defendant has not shown or even alleged that the delay occasioned in this case has caused it prejudice.[5] Moreover, where prejudice is lacking, this circuit has expressly found a fourteen month delay acceptable under 60(b). *See Johnson Waste Materials v. Marshall,* 611 F.2d 593 (5th Cir.1980) (relief granted under 60(b)(5)); *See also Wink v. Rowan Drilling Co.,* 611 F.2d 98 (5th Cir.) (one year delay held reasonable. Relief granted under 60(b)(6)), *cert. denied,* 449 U.S. 823, 101 S.Ct. 84, 66 L.Ed.2d 26 (1980). And while courts of this circuit have found delay approximate in length to the delay occasioned in this case unreasonable, *Allemand Boat Co. v. Kirk,* 141 F.R.D. 438 (E.D.La.1992) (four months), it is at least clear from a purview of all 60(b) cases post *Seven Elves* that what constitutes a "reasonable time" is interrelated with all other circumstances either mitigating against or justifying relief under the rule and balanced, as always, with the "importance of preserving final judgments." *Allemand Boat Co.,* 141 F.R.D. at 441. In this case, the interest of finality is substantially outweighed by the recent development in this area of law occasioned by *Sperry–New Holland.*[6] Finally, the court sees no "intervening equities that would make it inequitable to grant relief," *Seven Elves,* 635 F.2d at 402.

■ Accordingly, the court finds the motion well taken and the same will be granted. Relief pursuant to 60(b)(6) under these circumstances is not "flouting the mandate" of the appellate court in so far as the basis for the motion, relief in light of *Sperry–New Holland,* was never before that court. *Standard Oil Co. v. United States,* 429 U.S. 17, 97 S.Ct. 31, 50 L.Ed.2d 21 (1976); *see also LSLJ Partnership v. Frito–Lay, Inc.,* 920 F.2d 476 (7th Cir.1990) (*en banc*). Finally, as recognized in *Satcher,* 993 F.2d at 56–57, this court is in the better position to evaluate *Sperry–New Holland's* impact on the facts of this case.

An order in conformance with this opinion will issue.

### ORDER

In accordance with the memorandum opinion this day issued, it is ORDERED:

That the plaintiffs' motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b) is GRANTED;

That the memorandum opinion and order issued on July 20, 1992 are VACATED and this cause is REOPENED.

---

5. In fact, the defendant asserts that even if *Sperry–New Holland* had not been decided in the manner it was, summary judgment would be appropriate nonetheless on the defendant's alternative grounds. Although the court does not decide that issue at this juncture, if such is the case, little real prejudice (as distinguished from that occasioned by delay) can inure by this decision that cannot be remedied by the defendant's renewal of its motion for summary judgment.

6. The rule attempts to strike a balance between two conflicting goals, the finality of judgments and the command of the court to do justice. [*Seven Elves,* 635 at 401.] Thus, 'although the desideratum of finality is an important goal, the justice-function of the courts demands that it must yield, in appropriate circumstances, to the equities of the particular case in order that the judgment might reflect the true merits of the cause.' *Id.*
*Stipelcovich,* 805 F.2d at 604.