# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2009-CA-00268-SCT

*SHELIA REGAN*

*v.*

*SOUTH CENTRAL REGIONAL MEDICAL CENTER*

## ON MOTION FOR REHEARING

| | |
|---|---|
| DATE OF JUDGMENT: | 12/15/2008 |
| TRIAL JUDGE: | HON. BILLY JOE LANDRUM |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | NORMAN WILLIAM PAULI, JR. |
| ATTORNEYS FOR APPELLEE: | RICHARD O. BURSON |
| | PEELER GRAYSON LACEY, JR. |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | AFFIRMED - 08/05/2010 |
| MOTION FOR REHEARING FILED: | 09/03/2010 |
| MANDATE ISSUED: | |

**EN BANC.**

**PIERCE, JUSTICE, FOR THE COURT:**

¶1.     The motion for rehearing is denied. The previous opinions are withdrawn and this opinion is substituted therefor.

¶2.     This appeal arises from a medical-negligence action arising out of the care and treatment of Shelia Regan at South Central Regional Medical Center ("the Hospital") on or about December 5, 2003. The trial court granted the Hospital's Motion for Summary Judgment and dismissed the suit on November 27, 2007, due to Regan's failure to attach a certificate of expert consultation with her complaint. The trial court's decision was based

on this Court's decision in ***Walker v. Whitfield Nursing Center, Inc.***, 931 So. 2d 583 (Miss. 2006). Less than one year after the trial court's decision, this Court overturned ***Walker*** in ***Wimley v. Reid***, 991 So. 2d 135 (Miss. 2008). On October 1, 2008, Regan filed a motion under Mississippi Rule of Civil Procedure Rule 60(b) to set aside the trial court's order on October 1, 2008. It was denied, and Regan now appeals the trial court's decision.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY[1]

¶3. Regan filed her complaint styled ***Shelia Regan v. South Central Regional Medical Center***, Cause No. 2005-48-CV3 ("***Regan I***"), on or about March 10, 2005. She failed to attach a certificate of expert consultation to the complaint, which is a requirement under Mississippi Code Section 11-1-58. *See* Miss. Code Ann. § 11-1-58 (Supp. 2010). The Hospital filed a Motion to Dismiss on July 20, 2005, citing Regan's noncompliance with Section 11-1-58. Regan subsequently filed the Certificate of Consultation on July 21, 2005.

¶4. On November 7, 2005, the trial court denied the Hospital's Motion to Dismiss, finding that Regan's attorney had consulted with a physician five days prior to filing the Complaint. On June 8, 2006, this Court handed down its decision in ***Walker v. Whitfield Nursing Center, Inc.,*** 931 So. 2d 583 (Miss. 2006) (holding that failure to comply with the notice prerequisites of Mississippi Code Section 11-1-58 results in a failure to state a claim upon which relief can be granted), overruled by ***Wimley v. Reid***, 991 So. 2d 135 (Miss. 2008). On September 21, 2006, the Hospital filed a Motion for Summary Judgment. The Hospital argued that, under ***Walker***, Regan's failure to comply with Section 11-1-58 resulted in an

---

[1]See **Appendix A** for an timeline of the procedural history.

incomplete complaint, and she therefore had failed to state a claim upon which relief could be granted.

¶5. Regan filed a Motion For Leave to File Amended Complaint on October 23, 2007. The trial court entered an Order Denying Plaintiff's Motion For Leave to File Amended Complaint on November 27, 2007. On that same day, the trial court also entered its Order Granting Summary Judgment and Judgment of Dismissal in **Regan I** based on this Court's decision in **Walker** and Regan's failure to comply with Mississippi Code Section 11-1-58. *See* Miss. Code Ann. § 11-1-58 (Supp. 2010).

¶6. The following day, November 28, 2007, Regan filed a second complaint styled **Shelia Regan v. South Central Regional Medical Center**, Cause No. 2007-248-CV11 ("**Regan II**"). Regan's complaint in **Regan II** was substantially similar to her complaint in **Regan I**, but it included a certificate of expert consultation. On December 6, 2007, Regan filed a Rule 59(e) Motion for Reconsideration or To Amend regarding the summary judgment entered in **Regan I**. *See* Miss. R. Civ. P. 59(e). The Hospital filed its Answer and Rule 12(b)(6) Motion to Dismiss **Regan II** on the grounds that the statute of limitations had run and that the principles of priority jurisdiction prohibited Regan from simultaneously pursuing two identical actions against the Hospital. *See* Miss. R. Civ. P. 12(b)(6). The trial court entered an Order Denying Regan's Rule 59(e) motion in **Regan I** on April 2, 2008. This order started the tolling of Regan's thirty-day period to appeal the trial court's dismissal of **Regan I**. On April 3, 2008, Regan voluntarily dismissed her complaint in **Regan II**, but then immediately filed a third complaint against the Hospital styled **Shelia Regan v. South Central Regional Medical Center**, Cause No. 2008-873-CV4 ("**Regan III**").

3

¶7. Three weeks later, on April 22, 2008, Regan filed a Rule 60 Motion to Clarify Judgment in **Regan I**, stating "since Plaintiff is considering commencing an appeal, there exists a real need for Plaintiff to have this Motion to Clarify heard on an emergency or expedited bases [sic]." *See* Miss. R. Civ. P. 60. The trial court entered its Order Clarifying Judgment in **Regan I** on May 1, 2008, stating that it was dismissed "without prejudice." Regan did not file an appeal of **Regan I**, but instead continued to pursue her case in **Regan III.**

¶8. On May 22, 2008, the Hospital filed a Rule 12(b)(6) Motion to Dismiss in **Regan III** on the ground that Regan's claims were barred by the expiration of the statute of limitations. *See* Miss. R. Civ. P. 12 (b)(6). The trial court entered an Order Granting the Hospital's Motion to Dismiss in **Regan III** on September 10, 2008. *See* Miss. R. Civ. P. 59 (e). Regan filed a Rule 59(e) Motion to Amend Order and Judgment of Dismissal in **Regan III** on September 19, 2008. According to the record before this Court, that motion has been stayed pending this Court's decision in the present **Regan I** matter**.**

¶9. On September 12, 2008, this Court handed down its decision in **Wimley v. Reid**, 991 So. 2d 135 (Miss. 2008). On October 1, 2008, Regan filed a Rule 60(b) Motion to Set Aside the Order Granting Summary Judgment and Judgment of Dismissal in **Regan I**. *See* Miss. R. Civ. P. 60(b). In that motion, Regan argued that the **Wimley** decision entitled her to relief under Rule 60(b). After a hearing on the matter, the trial court entered an order denying Regan's Rule 60(b) Motion on December 15, 2008. Regan then promptly filed a Rule 59(e) Motion For Reconsideration on December 24, 2008. *See* Miss. R. Civ. P. 59(e). On January

4

21, 2009, the trial court entered on order denying Regan's Motion for Reconsideration in *Regan I*. Regan filed the present Notice of Appeal on February 17, 2009.

## ANALYSIS

¶10.   Regan argues on appeal that the trial court erred in denying her relief under Rule 60(b)(4), (5) and (6).  Motions that seek "relief under Rule 60(b) are generally addressed to the sound discretion of the trial court and appellate review is limited to whether that discretion has been abused." *Stringfellow v. Stringfellow*, 451 So. 2d 219, 221 (Miss. 1984) (citing *Clarke v. Burkle*, 570 F. 2d 824 (5th Cir. 1978)).  Further, "when ruling on such motions a balance must be struck between granting a litigant a hearing on the merits with the need and desire to achieve finality in litigation." *Id.* (citing *House v. Sec'y of Health and Human Servs.*, 688 F. 2d 7 (2nd Cir. 1982)).

> **I.     Whether Regan May Argue for the First Time on Appeal That She Is Entitled to Relief under Rule 60(b)(4) When She Did Not Raise the Provision at the Trial Court Level.**

¶11.   Regan claims the trial court erred in failing to grant her relief under Rule 60(b)(4).[2] However, Regan failed to argue that she was entitled to relief under subsection (4) at the trial

---

[2] Rule 60(b)(4) states:

> **(b) Mistakes; Inadvertence; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:
>
> . . .
> (4) the judgment is void . . .

Miss. R. Civ. P. 60(b)(4).

court level, and is now precluded from raising it for the first time on appeal. This Court has stated previously that it "need not address issues raised for the first time on appeal." ***Goode v. Village of Woodgreen Homeowners Assoc.***, 662 So. 2d 1064, 1076 (Miss. 1995) (citing ***R & S Dev., Inc. v. Wilson***, 534 So. 2d 1008, 1012 (Miss. 1988)).

¶12. At the trial-court level, Regan filed a Rule 60(b) motion. In her motion, she did not list any particular subsection. However, the motion refered to the overruled ***Walker*** decision upon which the Order Granting Summary Judgment was based. ***Walker v. Whitfield Nursing Center, Inc.***, 931 So. 2d 583 (Miss. 2006). In her Reply In Support of Plaintiff's Rule 60(b) Motion, Regan argued that there is a showing of "extraordinary and compelling" circumstances and then specifically stated Rule 60(b)(6) "stands as a 'grand reservoir' of equitable power to do justice." Regan did not mention subsection (4) in any of the pleadings regarding her Rule 60(b) Motion to Reconsider, nor did she make any arguments regarding subsection (4) at the motions hearing. Furthermore, she did not argue in the pleading that the trial court's judgment was void.

¶13. The first time Regan argued based on Rule 60(b)(4) was in her appellate brief. The trial court was never afforded the opportunity to hear these issues nor to make a ruling concerning subsection (4). Therefore, this issue is not properly before this Court.

## II.    Whether Regan Can Seek Relief under Rule 60(b)(5).

¶14. Although Regan never specifically argued Rule 60(b)(5) in her Rule 60(b) Motion, she did argue that, because ***Wimley*** overruled ***Walker***, the trial court should enter an order amending or setting aside its prior Order Granting Summary Judgment and Judgment of Dismissal. The Rule reads as follows:

6

**(b) Mistakes; Inadvertence; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: . . .

. . .

> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable.

Miss. R. Civ. P. 60(b)(5).

¶15.    Mississippi Rule of Civil Procedure 60(b) is nearly identical to Federal Rule of Civil Procedure 60(b), with only a slight difference in the time limitation within which a Rule 60(b) motion must be filed.  When state and federal rules are similar, this Court has said "that we will consider authoritative federal constructions when determining what our construction of our rule ought to be." *Stringfellow v. Stringfellow*, 451 So. 2d 219, 221 (Miss. 1984) (citing *Brown v. Credit Center, Inc.*, 444 So. 2d 358, 364 n.1 (Miss. 1983)).   The Fifth Circuit has stated in *Bailey v. Doring Company, Inc.*, 894 F. 2d 157, 160 (5th Cir. 1990), that "while 60(b)(5) authorizes relief when a judgment upon which it is based has been reversed or otherwise vacated, it does not authorize relief from a judgment on the ground that the law applied by the court in making its adjudication has been subsequently overruled or declared erroneous in another and unrelated proceeding." Therefore, finding the Fifth Circuit's analysis persuasive in *Bailey*, we reiterate that, under the current facts, Rule 60(b)(5) is not a mechanism by which Regan can be granted relief.

### III.    Regan's Rule 60(b)(6) Motion to Set Aside Order Granting Summary Judgment and Judgment of Dismissal

¶16.    Regan contends that the Court should find sufficient reasons to justify relief through Rule 60(b)(6)'s catch-all provision.  Mississippi Rule of Civil  Procedure 60(b)(6) states:

7

**(b)Mistakes; Inadvertence; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: . . .

. . .

(6) any other reason justifying relief from judgment.

The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than six months after the judgment, order, or proceeding was entered or taken.

Miss. R. Civ. P. 60(b). In particular, Regan claims that there are "extraordinary and compelling circumstances" that entitle her to post-judgment relief under Rule 60(b)(6), namely the change in applicable law pursuant to *Wimley v. Reid,* 991 So. 2d 135 (Miss. 2008). This Court has held that "relief under Rule 60(b)(6) 'is reserved for exceptional and compelling circumstances.'" *Moore v. Jacobs*, 752 So. 2d 1013, 1017 (Miss. 1999) (citing *Bryant, Inc. v. Walters*, 493 So. 2d 933, 939 (Miss. 1986)).

¶17.   As previously stated, this Court considers federal interpretation to be persuasive in construing our rules. In *Community Dental Services v. Tani*, 282 F. 3d 1164 (9th Cir. 2002) (quoting *Martella v. Marine Cooks & Stewards Union*, 448 F. 2d 729, 730 (9th Cir. 1971)), the Ninth Circuit held that, for a party to be granted relief under Rule 60(b)(6), he must demonstrate "extraordinary circumstances which prevented or rendered him unable to prosecute [his case]." Further, the "party must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion." *Id.* (citing *United States v. Alpine Land & Reservoir Co.*, 984 F. 2d 1047, 1049 (9th Cir. 1993)).

8

¶18.   The Fifth Circuit has held that "a change in decision law after entry of judgment does not constitute exceptional circumstances and is not alone grounds for relief from a final judgment." ***Bailey v. Ryan Stevedoring Co., Inc.***, 894 F. 2d 157, 160 (5th Cir. 1990) (citing ***McNight v. United States Steel Corp.,*** 726 F. 2d 333, 336 (7th Cir. 1984); ***Title v. United States***, 263 F. 2d 28, 31 (9th Cir. 1959)).

¶19.   Regan relies on ***Overbee v. Van Waters & Rogers***, 765 F. 2d 578 (6th Cir. 1985) in support of her argument that a change in the law constitutes an "extraordinary or compelling circumstance." While the Sixth Circuit Court of Appeals found the facts in ***Overbee*** to fit the definition of "extraordinary and compelling," those facts are distinguishable from the facts in this case. In ***Overbee***, the Supreme Court of Ohio changed its position on the applicable law within one year. ***Id.*** at 580. In this case, ***Wimley*** was handed down more than two years after ***Walker*** was decided. Furthermore, ***Overbee*** was still an *ongoing case* when the change in law occurred. The ***Overbee*** case had been remanded on another issue, and was still pending in the trial court when the Rule 60(b) motion was filed. In ***Regan I***, the judge had entered his final order, and no appeal was pending.

¶20.   Regan also relies on a federal district-court case, ***Heirs-at-Law and Beneficiaries of Gilbert v. Dresser Industrial, Inc.***, 158 F.R.D. 89 (N.D. Miss. Dec. 1993), in support of her argument that the change in law should support her Rule 60(b)(6) motion. ***Gilbert*** also is distinguishable from the current case. In ***Gilbert***, the trial court compared the facts in the case to "'a postjudgment change in the law having retroactive application,' a situation other courts have recognized as 'extraordinary' enough to warrant relief under the rule." ***Id.*** at 93 (citing ***Matarese v. Le Fevre***, 801 F. 2d 98 (2d Cir. 1986), *cert. denied*, 480 U.S. 908, 107

9

S. Ct. 1353, 94 L. Ed. 2d 523 (1987)). However, the *Matarese* case, upon which the *Gilbert* court relied, stated that "a law having retroactive application *may*, in special circumstances, constitute an extraordinary circumstance." *Matarese*, 801 F.2d at 106. Further, this Court, in *Thompson v. City of Vicksburg,* 813 So. 2d 717 (Miss. 2002), held that "newly enunciated rules of law are applied retroactively to cases that are pending trial or that are on appeal, and not final at the time of the enunciation." *Id.* at 721. In the current case, the change in law was not enunciated until after the *Regan I* judgment was final. Therefore, the change in law is not retroactively applied in the present matter, and *Gilbert* is inapplicable.

¶21. It is clear from the abundant caselaw presented that a change in the law does not meet the definition of "extraordinary or compelling circumstance." Therefore, the trial court did not abuse its discretion when it denied Regan's Rule 60(b)(6) Motion to Set Aside Order Granting Summary Judgment and Judgment of Dismissal.

## CONCLUSION

¶22. On appeal, Regan argues that the trial court erred in failing to grant her relief under Rule 60(b)(4), (5), and (6). Due to her failure to raise Rule 60(b)(4) at the trial-court level, she is procedurally barred from arguing it for the first time on appeal. Regan's Rule 60(b)(5) argument also is unsuccessful. Federal caselaw, which is persuasive, indicates that relief cannot be granted under subsection (5) when the law upon which the judgment at issue is based is subsequently overturned or declared erroneous in an unrelated proceeding. Finally, Regan argues that under Rule 60(b)(6), this Court's opinion in *Wimley v. Reid* presented an extraordinary and compelling circumstance. After review of the record and relevant caselaw, we find that a postjudgment change in law in an unrelated case does not meet the definition

10

of "extraordinary and compelling circumstance" where the judgment at issue has become final. The trial court is therefore affirmed.

¶23. **AFFIRMED.**

**WALLER, C.J., CARLSON, P.J., DICKINSON, RANDOLPH, LAMAR, KITCHENS AND CHANDLER, JJ., CONCUR. GRAVES, P.J., NOT PARTICIPATING.**

## Appendix A
Procedural Timeline

| | |
|---|---|
| March 10, 2005 | Regan filed her Complaint in **Regan I**, failing to attach a Certificate of Expert Consultation. |
| July 20, 2005 | Hospital filed Answer and Motion to Dismiss for failure to comply with Mississippi Code Section 11-1-58. |
| July 22, 2005 | Regan filed the missing Certificate of Consultation. |
| November 7, 2005 | The trial court denied the Hospital's Motion to Dismiss. |
| June 8, 2006 | This Court handed down **Walker v. Whitfield Nursing Center, Inc.**, 931 So. 2d 583 (Miss. 2006) (holding that failure to comply with the notice requirements of Mississippi Code Section 11-1-58 results in a failure to state a claim upon which relief can be granted). |
| September 21, 2006 | Hospital filed a Motion for Summary Judgment pursuant to **Walker.** |
| October 23, 2007 | Regan filed a Motion for Leave to File an Amended Complaint. |
| November 27, 2007 | The trial court denied Regan's motion to amend her complaint and entered an Order Granting Summary Judgment and Judgment of Dismissal. |
| November 28, 2007 | Regan filed her Complaint in **Regan II**, which included the Certificate of Expert Consultation. |
| December 6, 2007 | Regan filed a Rule 59(e) Motion for Reconsideration in **Regan I.** |
| April 2, 2008 | The trial court entered an order denying the Rule 59(e) motion in **Regan I**. |
| April 3, 2008 | Regan voluntarily dismissed **Regan II** because it was "filed prematurely before the aforementioned [Rule 59 Motion for Reconsideration was] ruled on." Regan immediately filed her Complaint in **Regan III**. |
| April 22, 2008 | Regan filed Rule 60 Motion to Clarify Judgment in **Regan I**. |

| | |
|---|---|
| May 1, 2008 | Trial court entered an order clarifying the judgment in **Regan I**, stating that it was dismissed "without prejudice." |
| May 2, 2008 | Last day for Regan to appeal the dismissal of **Regan I**. |
| May 22, 2008 | Hospital filed a Rule12(b)(6) Motion to Dismiss in **Regan III**, claiming Regan's claims were barred by the statute of limitations. |
| September 10, 2008 | The trial court entered an Order Granting the Hospital's Motion to Dismiss in **Regan III** based upon the statute of limitations. |
| September 18, 2008 | This Court handed down **Wimley v. Reid**, 991 So. 2d 135 (Miss. 2008), which overrules **Walker** and its progeny. |
| September 19, 2008 | Regan filed a Rule 59(e) Motion to Reconsider in **Regan III**, which is presently stayed in the trial court pending this Court's decision in the present matter. |
| October 1, 2008 | Regan filed Rule 60 Motion to Set Aside the Order Granting Summary Judgment and Judgment of Dismissal in **Regan I**. |
| December 15, 2008 | The trial court entered an Order Denying Regan's Rule 60(b) Motion in **Regan I.** |
| December 24, 2008 | Regan filed a Rule 59(e) Motion for Reconsideration in **Regan I**. |
| January 21, 2009 | The trial court entered an Order Denying Regan's Motion for Reconsideration in **Regan I.** |
| February 17, 2009 | Regan filed the present Notice of Appeal for **Regan I.** |